IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03087-PAB-KMT

ROMULUS ALBU, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

DELTA MECHANICAL INC., an Arizona corporation, and
COLORADO DELTA MECHANICAL INC., a Colorado corporation,

    Defendants.

_____

## MINUTE ORDER
_____

**Entered by Judge Philip A. Brimmer**

    This matter is before the Court on the Unopposed Motion to Vacate Trial Preparation Conference and Trial [Docket No. 41] filed by plaintiff Romulus Albu. Plaintiff asserts that the parties have reached a settlement in principle and requests that the Court vacate the trial preparation conference set for May 22, 2015 at 1:30 p.m. and the trial set for June 8, 2015.

    Although plaintiff contends that the parties' settlement is sufficient grounds to vacate the upcoming proceedings, plaintiff's motion contains ambiguities regarding whether a settlement really exists.

    Plaintiff indicates that the parties have reached a settlement in principle and are working to finalize settlement documents. However, plaintiff further states that

> the settlement contemplates that a reasonable award of prevailing party attorney's fees and costs to Plaintiff will be determined by the Court. The parties anticipate completing the settlement documents and filing any motion for attorney's fees within the next forty-five days. Once that issue is resolved, the parties anticipate dismissing the case with prejudice.

Docket No. 41 at 1. Plaintiff's motion suggests that settlement is contingent on the Court's ruling on a motion for attorney's fees. *See id.* ("Once that issue is resolved, the parties *anticipate* dismissing the case with prejudice." (emphasis added)). It is not clear why settlement is contingent upon the Court's ruling on an attorney's fees motion, but, assuming that it is so contingent, it is reason alone to deny the present motion.

    While the Court appreciates the parties' efforts to resolve this dispute, these ambiguities create uncertainty regarding the finality of the settlement. As a result, plaintiff's motion does not provide sufficient grounds to vacate the upcoming trial preparation conference and trial. Wherefore, it is

**ORDERED** that plaintiff's Unopposed Motion to Vacate Trial Preparation Conference and Trial [Docket No. 41] is **DENIED** without prejudice.

DATED May 21, 2015