IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03087–PAB–KMT

ROMULUS ALBU, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

DELTA MECHANICAL INC., an Arizona corporation, and
COLORADO DELTA MECHANICAL INC., a Colorado corporation,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Renewed Motion for Reconsideration of Recommendation of United States Magistrate Judge [Docket #53]." [Doc. No. 57.] Plaintiff seeks reconsideration of this court's Recommendation to the District Court that fees and expenses should be awarded in the amount of $ $17,061.98.

Plaintiff essentially argues that, as a policy matter, a greater amount of attorney's fees should be awarded in order to incentivize attorneys to bring meritorious cases involving multiple FLSA plaintiffs who are likely to have individually small recoveries.

As noted by the court in the Recommendation, however,

> This case presents a single plaintiff who worked for the Defendants from July 30, 2013 to September 30, 2013, a scant two months. Plaintiff's attorneys filed this case as a purported class action; however, they allowed the deadline for class certification to pass and never made any effort towards class certification. None of the billing records show any attempt to investigate a class action or to interview any other employees to determine if there were grounds for a class action. The

> substantive work on the case from a legal perspective was limited to filing a two count complaint and arranging for service, serving a two page initial disclosure statement, serving one set of interrogatories and requests for production of documents, preparing one disputed discovery motion which was denied as moot by the court, taking two half-day telephonic depositions of Defendants' representatives and defending Plaintiff's deposition, and drafting the settlement agreement and the request for attorneys' fees.

(Recommendation [Doc. No. 53] at 11.)  Therefore, in the first instance, this case does not fit the policy profile propounded.

This court issued an extremely detailed Recommendation with respect to allowable attorney fees and costs to be awarded to the prevailing Plaintiff.  The court spent nine pages of its Recommendation carefully analyzing all the billings of Plaintiff's **four** attorneys and comparing each person's billing with the others.  For each decision made to eliminate certain fees, the parties were provided with concrete examples and explanations regarding why the reductions were appropriate.   The court was forced to first perform winnowing of the hours billed since the Plaintiff's attorneys did not undertake this task themselves.  (*Id*. at 15-17.)  Then the court had to calculate how many hours were billed for the remaining activities which were undertaken in the case, carefully cataloguing the time entries per task.  (*Id*. at 17-18.)  After calculating the reasonable lodestar amount, the court increased the award by approximately fifty percent in recognition of the perils of contingent litigation.

Within the Recommendation, this court carefully considered each of the arguments now made by Plaintiff in the Motion to Reconsider.  The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See*

*Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92.  However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have generally imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv- 00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged since the court's initial ruling or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

      Plaintiff's motion provides no material new evidence nor any new law.  This court invested a great deal of time and effort to carefully analyze the billings submitted by Plaintiffs rather than issue a "knee-jerk" response without thoughtful and careful bases.  The Plaintiff points to no clear error in the evaluation of the fee request and this court does not find any.  To require full briefing on the Motion for Reconsideration would be a waste of the parties' efforts and would do no more than further increase attorney's fees which are unjustifiable in this case.

Therefore, it is **ORDERED**

"Plaintiff's Renewed Motion for Reconsideration of Recommendation of United States Magistrate Judge [Docket #53]" [Doc. No. 57] is **DENIED**.

Dated this 17th day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge